UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MISCELLANEOUS CASE NO. 18-91338-RGS

CHRISTINE M. VARAD

v.

UNITED STATES DEPARTMENT OF THE TREASURY, *acting as the Social Security Administration*

ORDER

August 13, 2018

STEARNS, D.J.

On August 10, 2018, *pro se* litigant Christine M. Varad filed a document entitled "Emergency Request for a Court order Addressed to the Social Security administration Compelling Production of Documents Pursuant to 20 C.F.R. § 402.205 and the Fair Credit Reporting Act 'FCRA' 15 U.S.C. § 1681." For the reasons stated below, the court denies the motion without prejudice to seeking relief in a civil action under the Privacy Act once Varad has exhausted her administrative remedies.

BACKGROUND

According to Varad, the Social Security Administration ("SSA") has taken the position that Varad received an overpayment of Supplemental Security Income benefits. The SSA is now attempting to recoup over

$40,000 from Varad. Varad represents that the SSA's determination of an overpayment is due to its reliance on a report of a retirement or pension fund purportedly in Varad's name. Varad contends that she is not the owner of any such fund, and, that if a retirement or pension fund in her name exists, it is fraudulent and she has been the victim of identity theft.

Varad states that she has made "[m]ultiple requests for records . . . orally and in writing to the Social Security Administration requesting access to and copies of records detailing over-payment allegations." Mot. at 1. She reports that "[t]o date the Social Security Administration has refused to make any response to any of Varad's repeated requests for records and accountings detailing any of the alleged over-payments." *Id.* at 2. Varad attached to her motion copies of letters from her to the Administrative Judge dated July 24 and July 30, 2018, wherein she asks for documents or other information concerning the purported retirement or pension fund in her name. Varad also submitted a copy of an August 8, 2018 letter from herself to Regional Chief Counsel of the SSA in which she informs the counsel that she is filing this action to compel production of documents associated with the overpayment. Finally, Varad attached a copy of an August 3, 2018 letter from her to the SSA reporting that she was a victim of identity theft with regard to the retirement or pension fund allegedly in her name.

Varad asks that the court "issue an order addressed to the Social Security Administration compelling production and service on Varad of any and all records it has in its possession and control associated with any and all of its claims against Varad for overpayments." *Id.* at 3-4.

DISCUSSION

The court will deny Varad's motion because she has failed to exhaust her administrative remedies. Although exhaustion of administrative remedies is not a jurisdictional requirement to bringing a Privacy Act claim in a federal court, *see, e.g.*, *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 476 (5th Cir. 1997), "[t]he doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law," *McKart v. United States*, 395 U.S. 185, 193 (1969). The SSA a separate entity invested with unique powers and duties, and "courts ordinarily should not interfere with an agency until it has completed its action, or else has clearly exceeded its jurisdiction." *McKart*, 395 U.S. at 194.

Where an individual seeks her own records from the SSA, the request is treated as one under the Privacy Act, 5 U.S.C. § 552a. *See* 20 C.F.R. § 402.15(b). The regulations concerning such requests are set forth in 20

C.F.R. § 401.[1]  Section 401.40 sets forth the manner in which an individual may ask the SSA for access to her own records.  The regulations require that, if the request is denied, the SSA advise the individual in writing of the reason for the denial, the name or person of the person responsible for the decision and the individual's right to appeal that decision.  *See* 20 C.F.R. § 401.70(c).  The individual may appeal the denial to the Executive Director for the Office of Public Disclosure within 30 days after receiving notice denying the request.  *See id.*  Within 30 working days, the Executive Director will typically review the appeal and send a notice explaining the decision on the appeal and the individual's right to have the matter reviewed in federal district court.  *See* 20 C.F.R. § 401.70(d).

Here, Varad does not indicate that she has exhausted her administrative remedies.  The copies of written requests she submitted indicate that the request were made less than 30 days ago, suggesting that she has not completed an appeal with the appropriate authority.  The Court sees no reasons to adjudicate the merit of Varad's motion until the SSA has had an adequate opportunity to address her requests for records.

---

[1] Varad invokes 20 C.F.R. § 402.205 as a basis for relief.  However, this regulation applies to request made under the Freedom of Information Act, 5 U.S.C. § 552, which requires a federal agency to disclose certain records *to the public.  See* 20 C.F.R. § 402.15(a).  In contrast, Varad is seeking access to a document not available to the public generally.

Finally, the Court notes that the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, does not apply to the SSA. The purpose of FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . information in a manner which is fair and equitable to the consumer." 15 U.S.C. § 1681(b). The SSA does not fall within the statute's definition of a "consumer reporting agency." *See* 15 U.S.C. § 1681a(f) (defining a "consumer reporting agency" as any individual or organization which "regularly engages . . . in the practice of assembling or evaluating consumer credit information . . . *for the purpose of furnishing consumer reports to third parties*" (emphasis added)).

ORDER

For the foregoing reasons, Varad's motion is DENIED WITHOUT PREJUDICE and this matter is DISMISSED. If and when Varad exhausts her administrative remedies in accordance with 20 C.F.R. § 401 and is dissatisfied with the result thereof, she may file a civil action in this court under the Privacy Act.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE